UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN BRACKETT, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | 1:14-cv-00252-JDL |
| | ) | |
| ROBIN THICKE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

On June 20, 2014, Plaintiffs Nathan Brackett and David Rothrock filed a complaint naming Robin Thicke as Defendant. (ECF No. 1.) Plaintiffs neither paid the $400.00 filing fee nor filed Applications to Proceed *In Forma Pauperis*. On July 7, 2014, the Court issued an Order directing both Plaintiffs either to pay the $400.00 filing fee or submit Applications to Proceed *In Forma Pauperis* on or before July 25, 2014. (ECF No. 2.)[1]

Through the July 7 Order, the Court informed Plaintiffs that if they fail to comply fully with the Order, the Court would recommend that the action be dismissed. As of the date of this Recommended Decision, neither Plaintiff has paid the filing fee or filed an Application to Proceed *In Forma Pauperis*.

Because Plaintiffs have not paid the filing fee or filed an Application to Proceed *In Forma Pauperis* despite having sufficient time within which to do so,[2] the recommendation is that the Complaint be dismissed due to Plaintiff's failure to prosecute this action.

---

[1] On July 24, 2014, the copy of the July 7 Order mailed to Plaintiff Nathan Brackett was returned as undeliverable.

[2] As of the date of this Recommended Decision, Plaintiffs have had forty-five (45) days after the filing of the Complaint to pay the filing fee or file the Application.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of August, 2014.